1  SPENCER C. YOUNG, State Bar No. 236593
   spencer@spenceryounglaw.com
2  LAW OFFICES OF SPENCER C. YOUNG
3  1300 Clay Street, Suite 600
   Oakland, CA 94612-1427
4  Telephone:    510.645.1585
   Facsimile:    510.645.1586
5
6  Attorney for Plaintiff
   NEREIDA SANCHEZ
7
8  GREGORY C. CHENG, State Bar No. 226865
   gregory.cheng@ogletreedeakins.com
   JILL V. CARTWRIGHT, State Bar No. 260519
9  jill.cartwright@ogletreedeakins.com
   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10 Steuart Tower, Suite 1300
   One Market Plaza
11 San Francisco, CA  94105
   Telephone:    415.442.4810
12 Facsimile:    415.442.4870
13 Attorneys for Defendant
   HOME DEPOT U.S.A., INC.
14
15              **UNITED STATES DISTRICT COURT**
16              **NORTHERN DISTRICT OF CALIFORNIA**
17

18 NEREIDA SANCHEZ,                          Case No. C-13-02333 TEH

19              Plaintiff,                    **STIPULATED PROTECTIVE ORDER**

20      vs.                                   IT IS SO ORDERED AS MODIFIED

21 HOME DEPOT U.S.A., INC.; and DOES 1-
     100,
22                                            Complaint Filed:    April 8, 2013
              Defendant.                      Trial Date:         August 19, 2014
23
24
25
26
27
28

                                             Case No. C-13-02333 TEH
                        STIPULATED PROTECTIVE ORDER

1    **IT IS HEREBY STIPULATED** by and between Plaintiff Nereida Sanchez (hereinafter

2    referred to as "Plaintiff" and/or "Sanchez") and Defendant Home Depot U.S.A., Inc. (hereinafter

3    referred to as "Defendant" and/or "Home Depot"), through their respective attorneys of record, that

4    a Protective Order be entered by this Court as follows:

5    This Stipulation and Protective Order shall be applicable to and shall apply to the production

6    and exchange of all document requests and documents, interrogatories and answers to

7    interrogatories, depositions, request for admissions, and responses to requests for admissions,

8    exhibits, and pleadings and all other information exchanged and furnished in this Action by the

9    Parties that the parties customarily treat as confidential, proprietary, and/or a trade secret as defined

10   by California Civil Code Section 3426.1.

11   1.    **SCOPE**

12   (a)    The parties acknowledge that discovery may require disclosure of information that is

13   private and personal or confidential and proprietary, specifically personnel records, personnel

14   policies, employment offers, competitive analyses, income statements, employee, client, or

15   customer personal information (including, but not limited to medical, age, and contact information),

16   medical records, and financial records and statements, along with other trade secret information as

17   defined in California Civil Code Section 3426.1.  As a result, the parties agree to enter into a

18   Protective Order on the following terms to ensure the continuing confidentiality of such

19   information.  The parties further acknowledge that this Order does not confer blanket protections on

20   all disclosures or responses to discovery and that the protection it affords extends only to the limited

21   information or items that are entitled under the applicable legal principles to treatment as

22   confidential.

23   (b)    This Protective Order shall limit the use or disclosure of documents, deposition

24   testimony, and related information which are or which embody or disclose any information falling

25   with the scope of Paragraph (1)(a) and designated hereunder as "Confidential," and shall apply to:

26   (i)    All such documents, including those produced by third parties, designated as

27   "Confidential" in accordance with the terms of this Protective Order and the applicable legal

28   standards;

1            (ii)     Portions of deposition testimony and transcripts and exhibits thereto which

2 include, refer or relate to any Confidential Information;

3            (iii)     All information, copies, extracts and complete or partial summaries prepared

4 or derived from Confidential Information; and

5            (iv)     Portions of briefs, memoranda or any writing filed with or otherwise supplied

6 to the Court, which include or refer to any such Confidential Information.

7        (c)     Any person designating documents, testimony, or other information as

8 "Confidential" hereunder asserts that he or she believes in good faith that such material is

9 Confidential Information which falls within the scope of Section (1)(a) and is not otherwise

10 available to the public generally.  Each party or non-party that designates information or items for

11 protection under this Order must take care to limit any such designation to specific material that

12 qualifies under the appropriate standards.  A Designating Party must take care to designate for

13 protection only those parts of material, documents, items, or oral or written communications that

14 qualify so that other portions of the material, documents, items, or communications for which

15 protection is not warranted are not swept unjustifiably within the ambit of this Order.

16     2.     **DESIGNATION OF DOCUMENTS AND DEPOSITIONS**

17        (a)     Designation of a document as "Confidential" shall be made by stamping or writing

18 CONFIDENTIAL on the document(s).  Alternatively, the parties may designate documents as

19 "Confidential" by producing the documents with a letter designating the documents by Bates

20 number as "Confidential."  The parties shall make all reasonable effort to designate as

21 "Confidential" only those documents that they reasonably believe constitute personnel records,

22 personnel policies, employment offers, competitive analyses, income statements, employee, client

23 or customer personal information, medical records, financial records and statements, and trade

24 secret information as defined in California Civil Code Section 3426.1.  The failure to designate

25 documents as "Confidential" at the time of production shall not constitute a waiver of the protection

26 of this Order and any party may, at any time up to 30 days before the actual trial date in this action,

27 designate any documents or information produced as "Confidential" that have not as yet been so

28 designated.  Stamping the legend "Confidential" on the cover of any multi-page document shall

1    designate all pages of the document as confidential, unless otherwise indicated by the Designating

2    Party, but only if the entire document is produced in a bound or otherwise intact manner.

3          (b)     Designation of a deposition or other pretrial testimony, or portions thereof, as

4    "Confidential" shall be made by a statement on the record by counsel for the party or other person

5    making the claim of confidentiality at the time of such testimony.  The portions of depositions so

6    designated as "Confidential" shall be taken only in the presence of persons qualified to receive such

7    information pursuant to the terms of this Protective Order: the parties and their attorneys and staff,

8    the court reporter, videographer, the deponent, and the deponent's attorney.  Failure of any other

9    person to comply with a request to leave the deposition room will constitute sufficient justification

10   for the witness to refuse to answer any question calling for disclosure of Confidential Information

11   so long as persons are in attendance who are not entitled by this Protective Order to have access to

12   such information.  The parties may, but need not in order to designate material as Confidential

13   Information, instruct the court reporter to segregate such portions of the deposition in a separate

14   transcript designated as "Confidential."  Portions of such deposition transcripts shall be clearly

15   marked as "Confidential" on the cover or on each page, as appropriate.

16         (c)     Any party may designate documents produced or portions of depositions taken as

17   containing Confidential Information even if not initially marked as "Confidential" in accordance

18   with the terms of this Protective Order by so advising counsel for each other party in writing and by

19   reproducing said documents with the required confidential designation.  Thereafter, each such

20   document or transcript shall be treated in accordance with the terms of this Protective Order;

21   provided, however, that there shall be no liability for any disclosure or use of such documents or

22   transcripts, or the Confidential Information contained therein, which occurred prior to actual receipt

23   of such written notice.  Any person who receives actual notice of any such designation of

24   previously produced documents or deposition transcripts as containing Confidential Information

25   shall thereafter treat such information as if it had been designated as "Confidential" at the time he,

26   she, or it first received it in connection with this matter.

27         (d)     Inadvertent failure to designate Confidential Information shall not be construed as a

28   waiver, in whole or in part, and may be corrected by the producing party by designating documents

produced or portions of depositions taken as containing Confidential Information, even if not initially marked as "Confidential," in accordance with the terms of this Protective Order and, specifically, Paragraph 2(c) above.

3. **LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION**

(a)    No Confidential Information shall be disclosed by anyone receiving such information to anyone other than those persons designated herein.  In no event shall Confidential Information be used, either directly or indirectly, by anyone receiving such information for any business, commercial or competitive purpose or for any purpose whatsoever other than the direct furtherance of the litigation of this action in accordance with the provisions of this Protective Order.

(b)    Confidential Information shall not be disclosed by any person who has received such information through discovery in this action to any other person, except to:

(i)    The parties;

(ii)    Attorneys of record for the parties and their firms' associates, clerks and other employees involved in the conduct of this litigation, and any court reporters, videographers, or interpreters engaged to assist the parties in discovery;

(iii)    Home Depot's, its subsidiaries', or its affiliates' in-house counsel;

(iv)    Non-party experts and consultants engaged by counsel for the purpose of preparing or assisting in this litigation, and those experts' respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

(v)    The Court, its officers, Court reporters and similar personnel, provided further that Confidential Information lodged with the Court under seal is subject to further evaluation by the Court;

(vi)    Any person as to which it is apparent from the face of a document was either an author, recipient, had knowledge of the contents therein, or was otherwise entitled to view the Confidential Information prior to the intended disclosure in this action; and

(vii)    Any other potential witnesses whose testimony may be used in connection with the present case who has complied with Paragraph 3(c) immediately below.

(c)    Before any person described in Paragraphs 3(b)(iv) and (vii) receives or is shown

1    any document or information which has been designated as Confidential, such person shall be given

2    a copy of this Protective Order and shall agree in writing, in the form of the Acknowledgment and

3    Agreement attached hereto as Exhibit A, to be bound by the terms hereof.  The original of each

4    such Acknowledgment and Agreement shall be maintained by counsel and, if a witness appears at

5    deposition or at trial and represents that he or she previously executed an Acknowledgment, it shall

6    be produced for inspection by opposing counsel upon request.  Any counsel may require the other

7    counsel to provide a copy of the Acknowledgment and Agreement signed by a witness at a

8    deposition before the witness is deposed with regard to any Confidential Information.

9           (d)      Nothing in this Protective Order shall be construed to require execution of the

10   written Acknowledgment and Agreement referred to in Paragraph 3(c) above, or to prevent

11   disclosure of Confidential Information, by the party producing and designating such Confidential

12   Information, or by any employee of such party.

13          (e)      The substance or content of Confidential Information, as well as all notes and

14   memoranda relating thereto, shall not be disclosed to anyone other than as set forth in Paragraphs

15   3(b)(i)-(vii) above.

16          4.       **FILING DOCUMENTS UNDER SEAL**

17          (a)      A Party may not file in the public record in the action any document designated as

18   Confidential or that contains Confidential Information.  If a Party wishes to submit a document to

19   the Court which the other Party has designated as Confidential or which contains Confidential

20   Information and which has not been successfully challenged under Paragraph 5 below, the

21   submitting Party shall comply with the procedures set forth in Civil Local Rule 79-5, General Order

22   62, and must also comply with Federal Rule of Civil Procedure 26(c)(1).  Protected Material may

23   only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected

24   Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

25   establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

26   otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

27   Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving

28   Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless

1   otherwise instructed by the court.

2   The Parties agree and recognize that Confidential Information or any paper containing Confidential

3   Information cannot be filed under seal based solely upon this stipulated Protective Order.

4          5.       **CHALLENGE TO CONFIDENTIALITY DESIGNATION**

5           Any party that wishes to challenge the designation of a document or other information as

6   "Confidential" must identify the documents or information for which it is challenging the

7   designation within 30 days after their production.  The Challenging Party shall initiate the dispute

8   resolution process by providing written notice of each designation it is challenging and describing

9   the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the

10  written notice must recite that the challenge to confidentiality is being made in accordance with this

11  specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in

12  good faith and must begin the process by meeting and conferring in accordance with Local Rule 37-

13  1.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality

14  designation was not proper and must give the Designating Party an opportunity to review the

15  designated material, to reconsider the circumstances, and, if no change in designation is offered, to

16  explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of

17  the challenge process only if it has engaged in this meet and confer process first or establishes that

18  the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

19          The Designating Party may, for good cause shown, bring a motion before the Court under

20  Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) requesting that the Court

21  confirm the designation of any document or information as "Confidential."  Each such motion must

22  be accompanied by a competent declaration affirming that the movant has complied with the meet

23  and confer requirements imposed in the preceding paragraph.  The party asserting the designation as

24  "Confidential" shall have the burden of establishing good cause for the designation.  However, the

25  Court shall be authorized to award the moving party attorneys' fees as a sanction if the challenge to

26  the "Confidential" designation was made in bad faith or was frivolous.  \ Pending resolution of any

27  dispute concerning such designation, all parties and persons governed by this Protective Order shall

28  treat all documents and information previously designated as "Confidential" as protected from

1 | further disclosure by this Protective Order.

2 |       6.    **SURVIVAL OF ORDER - RETURN OF DOCUMENTS**

3 |       (a)    The provisions of this Order shall continue in effect until otherwise ordered by the

4 | Court, or after notice and an opportunity to be heard is afforded to the parties to this action.  The

5 | final determination or settlement of this action shall not relieve any person who has received

6 | Confidential Information or agreed to be bound by the terms of this Protective Order of his, her, or

7 | its obligations under this stipulation and Order.  The Court shall retain jurisdiction after such final

8 | determination or settlement to enforce the provisions of this Order.  Upon completion of the

9 | litigation, all documents (including copies of documents) containing Confidential Information shall

10 | be destroyed or returned to counsel for the producing party, except that (a) documents on which any

11 | person has made notations may be destroyed and not returned, and (b) the parties' respective

12 | attorneys of record may retain one copy of each such document for use in connection with any

13 | disputes which may arise under the Court's retention of jurisdiction as provided for herein.  Within

14 | sixty days (60) of the conclusion of this litigation, the attorneys for the receiving party shall provide

15 | the attorneys for the producing party a certificate representing that such return or destruction was

16 | made.

17 |       (b)    Except as provided in Paragraphs 4 or 6 hereof, documents or things containing the

18 | other party's Confidential Information shall at all times be in the physical possession of those

19 | persons qualifying under Paragraph 3 hereunder, or kept by counsel of record at the premises

20 | regularly maintained by such counsel of record as and for their respective law offices.

21 |       7.    **USE OF DOCUMENTS AT TRIAL**

22 |       This Stipulation and Protective Order, except as provided in Paragraph 4, shall not apply to

23 | information designated or marked Confidential hereunder which is used at any evidentiary hearing

24 | or trial in this action.  The parties hereby reserve their rights to use, or seek to limit the disclosure

25 | of, confidential information at any such hearing or trial.

26 |       8.    **USE OF OWN DOCUMENTS BY PRODUCING PARTY**

27 |       Nothing in this Protective Order shall limit the use by any party, person or entity of his, her,

28 | or its own document or information for legitimate business purposes unrelated to this litigation,

1    even if such documents or information have been designated as "Confidential."

2        9.        **APPLICATIONS TO COURT**

3        (a)        This Protective Order shall not preclude or limit any party's right to oppose or object

4    to discovery on any ground which would be otherwise available.  This Protective Order shall not

5    preclude or limit any party's right to seek in camera review or to seek further and additional

6    protection against or limitation upon production or dissemination of information produced in

7    response to discovery, including documents and their contents.

8        (b)        Any person to or by whom disclosure or inspection is made in violation of this

9    Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms

10   hereof.

11       (c)        The parties hereto, and all other persons who receive Confidential Information

12   pursuant hereto, agree that any party or other person injured by a violation of this Order does not

13   have an adequate remedy at law and that an injunction against such violation is an appropriate

14   remedy.  In the event any person shall violate or threaten to violate any terms of this Order, the

15   parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any

16   such person.  In the event the aggrieved party shall do so, the responding person subject to the

17   provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party has

18   an adequate remedy at law.  Any persons subject to the terms of this Order agree that the Court

19   shall retain jurisdiction over it and them for the purposes of enforcing this Order, including but not

20   limited to issuing an injunction.  In addition to injunctive relief, as specified herein, the Court may

21   impose monetary and/or issue sanctions, as well as other relief deemed appropriate under the

22   circumstances for a violation of this Protective Order.

23       (d)        If any deponent required under the terms of this Protective Order to execute the

24   written Acknowledgment and Agreement described in Paragraph 3(c) above refuses to do so, the

25   parties may complete the deposition on other matters and/or adjourn it and move the Court for any

26   appropriate relief, including (without limitation) relief from this Protective Order as to that

27   deponent, or an order that the deponent shall execute the written agreement described in Paragraph

28   3(c) above, or an order that deponent shall be bound by the terms of this Protective Order.  Any

1    non-party whose Confidential Information is the subject of such a motion shall be given notice

2    thereof.

3              10.    **AGREEMENT TO COOPERATE**

4              The parties hereto and their respective attorneys of record agree that, when one party's

5    attorney requests a deponent to sign the written Acknowledgment and Agreement described in

6    Paragraph 3(c) above, the other party's attorney will join in such request, unless that attorney has a

7    good faith basis for refusing to join in such a request; provided, however, that this requirement shall

8    not apply with respect to any deponent who is represented at his or her deposition by an attorney of

9    record for any party hereto (including any member or associate of their respective law firms).  An

10   attorney's request to sign such Acknowledgment pursuant to this Paragraph shall not be construed

11   to constitute legal advice to the deponent, but shall and may be stated to be simply a request to

12   facilitate discovery in this action.

13             11.    **NO ADMISSIONS**

14             Neither entering into this Stipulation for Protective Order, nor receiving any documents or

15   other information designated as "Confidential" shall be construed as an agreement or admission: (1)

16   that any document or information designated as "Confidential" is in fact Confidential Information;

17   (2) as to the correctness or truth of any allegation made or position taken relative to any matter

18   designated as "Confidential"; or (3) as to the authenticity, competency, relevancy or materiality of

19   any information or document designated as "Confidential."

20             12.    **NO WAIVER OF PRIVILEGES OR OBJECTIONS TO ADMISSIBILITY**

21             Nothing in this Protective Order shall be construed as requiring disclosure of Confidential

22   Information, including, but not limited to, materials subject to protection under the attorney-client

23   privilege and/or attorney work product doctrine, the trade secrets privilege, or under any other

24   applicable privileges or rights of privacy, or requiring disclosure of Confidential Information that is

25   otherwise beyond the scope of permissible discovery.  Further, nothing in this Protective Order

26   shall be construed as a waiver by a party of any objections that might be raised as to the

27   admissibility at trial of any evidentiary materials.

28   / / /

STIPULATED PROTECTIVE ORDER

1

13.    **DISCLOSURE IN VIOLATION OF ORDER**

2       If any Confidential Information is disclosed to any person other than in the manner

3    authorized by this Protective Order, the party responsible for the disclosure must immediately, in

4    writing, notify the opposing party and the Designating Party of all pertinent facts relating to such

5    disclosure, and without prejudice to the rights and remedies of the Designating Party, make every

6    effort to prevent further unauthorized disclosure.

7       14.    **MODIFICATION - FURTHER AGREEMENTS**

8       Nothing contained herein shall preclude any party from seeking from a Court modification

9    of this Stipulated Protective Order upon proper notice, nor shall anything contained herein be

10    construed as to preclude the parties from entering into other written agreements designed to protect

11    Confidential Information.

12       15.    **COUNTERPARTS**

13       This Stipulation for Protective Order may be executed in counterparts, each of which shall

14    be deemed an original and which together shall constitute one instrument.

15

16    DATED:  October 7, 2013                    LAW OFFICES OF SPENCER C. YOUNG

17

18                                    BY:  /s/  Spencer Young
                                        SPENCER YOUNG

19
                                        Attorney For Plaintiff
20                                       NEREIDA SANCHEZ

21

22    DATED:  October 7, 2013                    OGLETREE, DEAKINS, NASH, SMOAK &
                                        STEWART, P.C.
23

24                                    By:   /s/ Jill Cartwright
                                        GREGORY C. CHENG
25                                       JILL V. CARTWRIGHT

26
                                        Attorneys for Defendant
27                                       HOME DEPOT, U.S.A., INC

28

10                              Case No. C-13-02333 TEH
STIPULATED PROTECTIVE ORDER

1

**<u>SIGNATURE ATTESTATION</u>**

2
       Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document

3
has been obtained from the other signatories.

4
DATED:  October 7, 2013                  By:  /s/ Jill Cartwright

5
                                          Jill V. Cartwright

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11                          Case No. C-13-02333 TEH

1          **[PROPOSED] ORDER**

2          **GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT** the

3    provisions of the concurrently-filed stipulation between the parties regarding the use and protection

4    of Confidential Information (the "Stipulated Protective Order") shall be entered as the Order of the

5    Court and be binding upon the parties.  The ~~Court further orders that, consistent with Paragraph 4 of~~

6    ~~the parties' Stipulated Protective Order, the parties file documents under seal which are subject to~~

7    ~~this Stipulated Protective Order and have not been successfully challenged  by the opponent.  In all~~

8    ~~other respects, the~~ parties must comply with the procedures set forth in Local Rule 79-5, ~~General~~

9    ~~Order 62~~ and must also comply with Federal Rule of Civil Procedure 26(c)(1).

10

11         **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

12

13

     DATED: _____10/10_____, 2013

14                                                                    _____

15                                            T̶H̶E̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶NDERSON
                                             JUDG̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶TES
16                                            DISTR̶ ̶ ̶



17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3

I, _____, hereby certify that:

4

1.      My present address is _____.

5

2.      My present employer is _____.

6

3.      My present occupation or job description is _____.

7

4.      I have received a copy of the Protective Order in the above-captioned case and agree

8

to be bound by the terms of the Protective Order.

9

5.      I have carefully read and understand the provisions of the Protective Order.

10

6.      I will hold in confidence and not disclose to anyone not qualified under the

11

Protective Order, any Confidential Information or any portion or substance thereof provided to me

12

in the course of this litigation.

13

7.      I will return all materials containing Confidential Information or any portions or

14

copies, summaries, abstracts or indices thereof, which come into my possession, and documents or

15

things that I prepared relating thereto and containing such Confidential Information, to counsel for

16

the party by whom I am retained or employed, or to counsel by whom I am retained or employed,

17

when my services in this matter have been concluded.

18

8.      I understand that if I violate the provisions of this Protective Order, I may be subject

19

to sanctions by the Court, among other things.

20

9.      I hereby submit to the jurisdiction of the United States District Court for the

21

Northern District of California for the purpose of enforcement of this Protective Order against me.

22

I declare under penalty of perjury under the laws of the State of California and the United

23

States of America that the foregoing is true and correct.

24

25

Dated:_____      Signature:_____

26

27

28

15665792.2

---

13                                                    Case No. C-13-02333 TEH

STIPULATED PROTECTIVE ORDER